## Twentieth Century Club v. Pittsburgh, Appellant.

Argued November 17, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*J. F. McKenna, Jr.,* Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for City and Treasurer, appellants.

*Oscar G. Peterson,* Assistant School Solicitor, with him *Mortimer B. Lesher,* School Solicitor and *Niles Anderson,* Assistant School Solicitor, for School District and Treasurer, appellants.

*Charles Denby,* with him *Carl E. Glock, Jr.,* and *Reed, Smith, Shaw & McClay,* for plaintiff, appellee.

OPINION BY HIRT, J., March 18, 1952:

The Twentieth Century Club is a non-profit corporation organized for the purpose of advancing the interest of women. It is exclusively a woman's club with a large membership. It owns and maintains a modern club house in the civic center of Pittsburgh where in addition to social activities educational and cultural programs are sponsored. It conducts a restaurant on the premises for the comfort and convenience of its members and their guests. The total gross receipts from the operation of the restaurant for the year 1948 were about $70,000. The club has no other substantial sources of income except membership dues. During the past ten years the club has been operated at a loss. The City of Pittsburgh under its ordinance No. 488 assessed a Mercantile License Tax for the year 1948 based upon the gross receipts from the sales of food, and the School District of the City of Pittsburgh levied a like tax, on the authority of the Act of June 20, 1947, P.L. 745, 24 PS §582.1.

The lower court in an equity proceeding, brought by the club, restrained the collection of the tax by the city and on appeal from the levy of the School District, that assessment was adjudged null and void and was set aside. These appeals are ruled by the principles discussed in our opinion filed this day in the appeals from similar orders in Duquesne Club v. City of Pittsburgh and Duquesne Club v. School District of Pittsburgh.

Nothing can be profitably added to what we said there.

The decree in No. 113 and the order in No. 122 April Term, 1951, are affirmed, the former at the appellants' costs.

RHODES, P. J., and RENO, J., dissent.